IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marvin Green, | Case No.: 4:25-cv-0316-JD-TER |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Auto Money and Its Agents, | |
| Defendant. | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 7), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's initial review of Plaintiff Marvin Green's ("Plaintiff" or "Green") pleadings.[1]

### A. Background

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

Green, proceeding *pro se*, sued Defendant Auto Money and Its Agents ("Defendant") under 42 U.S.C. Section 1983 and the Fair Debt Collection Practices Act ("FDCPA"). (DE 1.) Plaintiff's complaint alleges that

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

> On or about August 2024 Auto Money and its agents came to plaintiff house to repossess the plaintiffs transportation. Plaintiff rejected the repossession without court order. The repossession agent(s) called the police to aide them in the repossession. However, 3 police arrived on the location and told plaintiff if I don't let the repossession agents take car, I would go to jail. Plaintiff rejected the unlawful repossession. The the 3rd officer called the chief of police and he order his officers to command the repo agents to release the car and leave the property for breaching the peace. On November 7, 2024 a repo agent came to plaintiff house to reposes the car. I told this repo agent he need to leave unless e had a valid court order. He responded he would call the police. However, the plaintiff got in the car and left the repo agent at my house.

(DE 1 at 4) (errors in original.) Plaintiff contends that Defendant "acted under color of law to extract debt from plaintiff[,]" and that he seeks a declaration that Defendant violated the FDCPA. (DE 1 at 4-5.)

### B. Report and Recommendation

The Magistrate Judge reviewed Plaintiff's pro se complaint under the procedural provisions of 28 U.S.C. § 1915, applying a less stringent standard than that typically drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Accordingly, on January 28, 2025, the Magistrate Judge issued the Report based on an initial review of the pleadings. The Report recommends dismissing Plaintiff's complaint for these reasons:

- Plaintiff is attempting to challenge actions taken in prior state court proceedings, such that the Rooker-Feldman Doctrine bars them.[2]
- Even if Rooker-Feldman did not apply here, Plaintiff's action would still be subject to summary dismissal as Auto Money appears not to be a "debt collector" as defined by the FDCPA, as Auto Money appears to be collecting its own debts and is not an entity that regularly collects debts on behalf of another.

---

[2] In Horry County, in the Little River Magistrate Court, case No. 2024-cv-26103-0594, between Auto Money North LLC as Plaintiff and Marvin Green as Defendant, an order of a judgment was entered on November 6, 2024, in Auto Money's favor and against Green. (DE 7 at 2.)

2

(DE 7 at 2-3.) On February 10, 2025, Plaintiff objected to the Report. (DE 9.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Plaintiff's objections to the Report center on the Report's finding that he is challenging actions taken in prior state court proceedings. (DE 9 at 1.) Instead, Plaintiff insists that he is challenging Defendant's breach of the peace by repossessing his car. Even so, the Report found that Plaintiff's claim must be dismissed because it is not a "debt collector" as defined by the FDCPA. The Report also presumed that Defendant was collecting its own debts and is not an entity that regularly collects debts on behalf of another. 15 U.S.C. § 1692a(6); *see Ramsay v.*

*Sawyer Prop. Mgmt. of Maryland, LLC*, 948 F. Supp. 2d 525, 531 (D. Md. 2013), aff'd, 593 Fed. Appx. 204 (4th Cir. 2014). Accordingly, Plaintiff's objection is overruled.[3]

Plaintiff also challenges the Report, raising a jurisdictional issue sua sponte that he was denied an appeal by the state court. (DE 9 at 2.) But the Rooker-Feldman Doctrine is jurisdictional; s*ee American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003), and Plaintiff's objection does not show why the doctrine should not apply here. As stated in the Report, "the Rooker-Feldman doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006). Plaintiff's objection is therefore overruled.[4]

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 7) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's complaint (DE 1) is dismissed without prejudice and without issuance and service of process.

---

[3] This Court also notes that Plaintiff has asserted a 1983 claim insisting that Defendant "acted under color of law to extract debt from plaintiff[.]" (DE 1 at 4-5.) "It has been observed that 'merely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Mentavlos v. Anderson*, 249 F.3d 301, 301 (4th Cir. 2001)). Thus, Plaintiff cannot maintain a Section 1983 claim against Defendant.

[4] Plaintiff's objection also requests appointment of counsel. (DE 9 at 3.) That said, given the Court's ruling, Plaintiff's request is denied.

IT IS SO ORDERED.

                                                Joseph Dawson, III

Florence, South Carolina     United States District Judge
April 10, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.